[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION TO STRIKE NO. 108)
Plaintiff moves to strike the Fifth Special Defense contending landowner immunity granted by 52-557g does not apply to land used as a parking lot.
Plaintiff, Peter Neri, filed a two count complaint dated January 2, 1990 against the defendants Woodbury Ski and Racquet, Inc. and Roderick G. Taylor, d/b/a Woodbury Ski and Racquet Club. In the first count, as to defendant Woodbury Ski and Racquet, Inc. (Woodbury Ski), the plaintiff alleges that defendant Woodbury Ski owned and controlled premises including the parking lot and driveway of Woodbury Ski and Racquet, Inc. On January 10, 1988, the plaintiff allegedly alighted from his son's vehicle and slipped and fell on the ice and snow-packed driveway/parking area. CT Page 1063 The plaintiff alleges that defendant Woodbury Ski's negligence and carelessness caused his losses and injuries. The second count, as to defendant Roderick G. Taylor, d/b/a Woodbury Ski and Racquet Club (Taylor), alleges that defendant Taylor owned/controlled the premises where the plaintiff allegedly fell. The plaintiff further alleges that defendant Taylor's carelessness and negligence caused his losses and injuries.
The defendants filed an answer and special defense dated February 14, 1990, and filed revised special defenses dated April 20, 1990. The Fifth Special Defense alleges the following: Woodbury Ski and Racquet Inc. was a ski resort where people came for recreational purposes, on the date the plaintiff allegedly fell he was on the premises for recreational purposes (to watch a family member ski), defendants did not charge plaintiff a fee to be on the premises where he fell, and that defendants are immune from liability under Connecticut General Statutes 52-557g, the recreational use statute.
The plaintiff moved to strike the Fifth Special Defense on the ground that the landowner immunity granted under Connecticut General Statutes 52-557g does not apply to land used as a parking lot.
Connecticut General Statutes 52-557g limits the liability of landowners opening their land to the public for recreational purposes under certain conditions.
 (a) Except as provided in section 52-557h, an owner of Land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an CT Page 1064 invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
 (c) Unless otherwise agreed in writing, the provisions of subsections (a) and (b) of this section shall be deemed applicable to the duties and liability of an owner of land leased to the state or any subdivision thereof for recreational purposes.
Connecticut General Statutes 52-557g (rev'd to 1989). The defendants argue that the recreational use statute applies because the plaintiff entered their land without charge for a recreational purpose: to watch others ski.
Connecticut General Statutes 52-557g applies to an owner of land who makes part or all of the land available to the public without charge for recreational purposes. Connecticut General Statutes 52-557g (rev'd to 1989). Even though the plaintiff have been on the premises for a recreational purpose — to watch others ski, the defendants must allege that it was their purpose as landowners to open their land (the parking area) to the public without charge for recreational purposes, i.e. watching others ski. Plaintiff's reason for entering the land is not controlling; it is the landowner's purpose in opening the land to the public that controls.
Since, defendants have failed to plead in the special defense that they opened their land (the parking area) to the public without charge for recreational purposes, the special defense is legally insufficient.
Accordingly, the Motion to Strike the defendant's Fifth Special Defense is granted.
STUART M. SCHIMELMAN, JUDGE